IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,632-01






EX PARTE TRAVIS JAMES MULLIS








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 08CR0333


IN THE 122ND DISTRICT COURT


GALVESTON COUNTY





 Per Curiam. 



O R D E R



 This case is before us because no application for writ of habeas corpus has been filed
pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071. (1)

 In March 2011, a jury convicted applicant of capital murder and answered the
statutory punishment questions in such a way that the trial court sentenced applicant to
death. (2) On March 23, 2011, the trial court determined that applicant was indigent and
appointed the Office of Capital Writs to represent him for the purpose of filing an application
for writ of habeas corpus pursuant to Article 11.071. Shortly thereafter, applicant waived the
appointment of habeas counsel, and he expressed his desire to waive habeas review
altogether. But despite the desire he expressed early in the process, applicant could have
changed his mind and filed an application up to and including the date it was due. Under the
best possible scenario, applicant's application would have been due to be filed in the trial
court on or before July 2, 2012. 

 The due date has now passed, and no writ application was filed in the trial court. 
Furthermore, the record reflects that applicant continued to maintain his desire to waive
habeas review until at least mid-August. Therefore, applicant's failure to timely file an
application constitutes a waiver of all grounds for relief that were available to him before the
last date on which his application could have been timely filed. Art. 11.071, § 4(e). 

 On August 22, the trial judge received a letter from applicant in which applicant
requested that his appeals be reinstated because "new evidence has surfaced." On August
28, this Court received a similar letter. Although applicant is not currently entitled to
appointed counsel or to file an untimely writ application, should he or pro bono counsel
working on his behalf file an untimely writ application or a motion for a new filing date
under Article 11.071 § 4A, then the filer will have to show good cause as to why an
application was not filed on or before the statutorily applicable due date.

 IT IS SO ORDERED THIS THE 12th DAY OF SEPTEMBER, 2012.


Do Not Publish

1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.
2. Because applicant failed to file a brief on direct appeal, this Court automatically
reviewed the case for constitutional error. Finding none, the Court affirmed the case on
April 25, 2012, and mandate issued on May 21, 2012. Applicant's direct appeal is now
final.